{¶ 25} I respectfully dissent as I would find that the police had probable cause to conduct the warrantless search. While the majority excludes the anonymous tip on the basis of lack of reliability, I would include the information provided by the informant in the probable cause analysis. As the majority reasons, an anonymous tip may be reliable if it is substantiated. See State v. Topovski (Mar. 22, 1995), 9th Dist. No. 2889, at *2. In the instant matter, I believe that facts were present which sufficiently corroborated the anonymous tip. As a result, I would find the anonymous tip reliable, and when considered with the other evidence gleaned at the residence, the totality of the circumstances would constitute probable cause to execute a warrantless search of the premises.
 {¶ 26} According to the record before this Court, the information available to the police at the time of the search was cause to "warrant suspicion" that a "probability of criminal activity exists." (Quotations and citations omitted). See State v. Tejada, 9th Dist. No. 20947, 2002-Ohio-5777, at ¶ 8. Here, an anonymous caller reported to police that she had seen two, named children playing with Coleman lighter fluid and tubing in the front yard of a house on Gage Street (the "residence"). The informant related that the children had indicated to her that they had procured the items from a secret compartment in the residence's kitchen. The *Page 14 
drug officers who received the call were familiar with the names given by the caller.
 {¶ 27} The officers then proceeded to the residence to investigate the possibility of the operation of a methamphetamine lab in the house. Upon approaching the home, they observed a gallon can of acetone in "plain view" in a van parked in the driveway of the residence. Additionally, the residents gave contradictory answers to questions posed by the officer regarding their length of residency. Defendant Emily Pochedly also admitted to smoking methamphetamine from a light bulb in the house two hours prior.
 {¶ 28} The issue in the case instanter is whether police had probable cause to believe that a methamphetamine lab was being operated at the residence. The majority has reasoned that without the anonymous tip to gel them together, the individual pieces of evidence gathered by the police are insufficient to establish probable cause. However, I am of the opinion that even disregarding the actual substance of the tip, officers still went to the residence with the concern that methamphetamine was being manufactured. It was under that impression, and based on their training and experience, we must review the totality of the circumstances.
 {¶ 29} When the police arrived, they observed a gallon of acetone in a van registered to Appellee Cooper, one of the residents named by the informant. While acetone is benign in most practical applications, it is also an ingredient used *Page 15 
in the production of methamphetamine. Residents of the house then contradicted each other in their answers to the police and lied concerning illegal activity at the house. Finally, one of those same residents admitted that she smoked methamphetamine earlier in the day at the house. Viewed through the lens of the drug enforcement officer on scene, I would conclude that these facts taken in the aggregate establish probable cause.
 {¶ 30} I would also agree with the majority's conclusion that probable cause to believe a methamphetamine lab is being operated on the premises constitutes exigent circumstances. Accordingly, as I believe that probable cause and exigent circumstances existed, I would find that the warrantless search was justified and that the trial court erred when it granted Appellees' respective motions to suppress. Therefore, I respectfully dissent. *Page 1